UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **ANTHONY SMITH,** )<br>)<br>    **Plaintiff,**  )<br>)    **CAUSE NO. 3:02-CV-0233 PS**<br>    v. )<br>)<br>**CECIL DAVIS,** *et al.* )<br>)<br>    **Defendants.** ) | |

### OPINION AND ORDER

Anthony Smith, a *pro se* prisoner, filed a motion seeking to compel payment of his judgment and costs. Mr. Smith prevailed at trial on his claim that three of the defendants (all of whom were correctional officers) retaliated against him for filing grievances against them. He wants them to pay up. In response, the defendants assert that Mr. Smith's pending appeal could result in a new trial and that "a prevailing party's appeal suspends enforcement of the judgment only when the theory of the appeal is inconsistent with enforcement in the interim." *BASF Corp. v. Old World Trading Co.*, 979 F.2d 615, 617 (7th Cir. 1992).

Prior to trial, the Court screened out a number of claims that Smith wanted to bring. According to the defendants, Smith, in his appeal, claims that had he been allowed to bring those claims to trial that additional evidence would have been admitted and this would have prompted the jury give him an even higher award than he otherwise received. Thus, according to the defendants, Smith's appeal is an attack on the judgment and if he prevails in that appeal there will be

a new trial – and a new trial that Smith may not win. Thus, "his theory of the appeal is inconsistent with enforcement in the interim." *BASF*, 979 F.2d at 617.

Mr. Smith's reply only argues that his motion should be granted because the defense counsel, Thomas Quigley, who filed the opposition to the motion, has not filed an appearance in the case. Thus, Smith has chosen not to address the substance of the defendants' argument as to why the judgment should not be enforced. In any event, Mr. Smith is wrong on the point he does argue. Thomas Quigley entered his appearance in this case on August 5, 2004. Frances Barrow is counsel for the defendants' before the Court of Appeals, but she has not appeared before the court in this case.

As to the substance of the motion, we agree with the defendants. Though Mr. Smith's appellate brief is not a part of the record before this court, and is unavailable on the website of the Seventh Circuit, Mr. Smith's reply does not dispute that his appeal could result in a new trial. Thus, in the absence of evidence to the contrary, we accept the defendants' proffer of what Smith's appeal is alleging and hold that enforcing the current judgment is inconsistent with the theory of the appeal. Therefore, the motion to compel payment of the judgment (docket # 182) is **DENIED**.

**SO ORDERED.**

**ENTERED:   November 3, 2005**

                                                <u>s/ Philip Simon</u>
                                                PHILIP P. SIMON, JUDGE
                                                UNITED STATES DISTRICT COURT